UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

James T. Muse,

Plaintiff,

vs.

Polaris Industries Inc., and Gilbert Platt, d/b/a Mid-State Power,

Defendants,

and

MINUTE ORDER

Mid-State Power,

Defendant and Third-Party Plaintiff,

vs.

Transport Corporation of American, Inc.

Third Party Defendant.

Civ. No. 00-1024 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 16th day of February, 2001.

* * *

On February 16, 2001, the Court heard argument on the Plaintiff's informal Motion to Amend the Complaint. At the time of the Hearing, the Plaintiff James T. Muse appeared by James M. Roche and Paul Cerkvenik, Esqs.; the Defendant Polaris Industries Inc. ("Po-

(29)

FILED FEB 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

laris") appeared Timothy J. Mattson, Esq.; the Defendant/Third Party Plaintiff Mid-State Power ("Mid-State") appeared by Barbara Burke, Esq.; and the Third Party Defendant Transport Corporation of America, Inc. ("Transport Corp.") appeared by Brian A. Wood, Esq. For reasons expressed during the Hearing, and briefly summarized below, we grant the Motion to Amend.

This case involves an accident which occurred on February 18, 1999, while the Plaintiff was employed by Transport Corp. As part of his employment, the Plaintiff was directed to pick-up, from Polaris in Minnesota, ATVs manufactured by Polaris. He was then supposed to deliver those ATVs to Polaris Distributors. The ATVs that the Plaintiff was to pick-up and deliver were packaged in wooden crates. In the process of unloading the ATVs, the Plaintiff was injured and, as a result, he brought this action against Polaris and Mid-State.

The Plaintiff's Motion to Amend the Complaint seeks to change the name of one Defendant from Polaris Manufacturing Company to Polaris Industries Inc., and to add two additional allegations of negligence against Polaris -- negligent packaging of the ATVs, and the negligent testing of the packaging. The portion of the Motion, which seeks to change the caption name of the case, is not opposed by any party and, therefore, is granted. However, the Motion to add two new allegations of negligence is opposed by Polaris.

In support of his Motion, the Plaintiff has framed his argument in the setting of Rule 15(a), Federal Rules of Civil Procedure, which provides, where pertinent, as follows:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires.

In construing this Rule, the Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

"[A]lthough we begin with a presumption of liberality, an amendment to a pleading can be successfully challenged on grounds of futility, if the claims created by the amendment would be unable to withstand a Motion to Dismiss." Ulrich v. City of Crosby, 848 F. Supp. 861, 877 (D. Minn. 1994), and cases cited therein. In sum, "the right to amend the pleadings is not absolute," and "the granting of a Motion to amend the pleadings is vested in the sound discretion of the Trial Court." White Consolidated Industries,

Inc. v. Waterhouse, 158 F.R.D. 429, 434 (D. Minn. 1994); see also, Upsher-Smith Laboratories v. Mylan Laboratories, 944 F. Supp. 1411, 1442 (D. Minn. 1996).

Where, as here, the deadline for the amendment of pleadings has long since expired, the propriety of the Motion for leave to amend "is most properly considered within the framework of Rule 16(b), Federal Rules of Civil Procedure." Alholm v. American Steamship Co., 167 F.R.D. 75, 77 (D. Minn. 1996). Under Rule 16(b), a Court's Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." See also, Notes of Advisory Committee on 1983 Amendment to Rule 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). As was recently expressed, in Rouse v. Farmers State Bank of Jewell, 866 F. Supp. 1191 (N.D. Iowa 1994):

> A scheduling order is an important tool in controlling litigation. Jochims v. Isuzu Motors, Ltd., 145 F.R.D. 507, 510 (S.D. Iowa 1992). A magistrate judge's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985). Scheduling orders have become increasingly critical to the district court's case management responsibilities because "[i]t is well known that we litigate these days under the burden of heavy caseloads and clogged

> court calendars." Id. The Court in Geiserman v. MacDonald, 893 F.2d 787 (5th Cir. 1990), also observed that the flouting of discovery deadlines causes substantial harm to the judicial system.

Indeed "[w]e doubt that it can be seriously questioned that '[a]dherence to reasonable deadlines is * * * critical to maintaining integrity in court proceedings.'" Alholm v. American Steamship Co., supra at 79, quoting Rouse v. Farmers State Bank of Jewell, supra at 1199.

Under the Pretrial Order in this case, which is dated September 1, 2000, the deadline for amending a pleading was November 30, 2000. The Plaintiff argues that "good cause" exists to amend the Scheduling Order, in order to allow an amended pleading, because he just determined that additional allegations should be added against Polaris -- specifically, allegations regarding negligent packaging of a product, and the negligent testing of that packaging. The Plaintiff advises that he only recently -- that is, in mid-January of this year -- was able to depose the individuals who were eyewitnesses to the accident involved in this litigation, and that it was not until that discovery was completed that it became clear that the accident was caused when the crate, in which the ATV was packaged, fell apart. After receiving this deposition testimony, the Plaintiff consulted with his experts, who advised him that the additional allegations of negligence should be pled, based upon

this information. The Plaintiff stresses, however, that these allegations are not substantively different from those he had originally pled. Of course, such a contention is belied by the Plaintiff's perceived need to now amend his Complaint.

In contrast, Polaris contends that the Plaintiff has had the information, underlying these new allegations, from the beginning of the case, and that it is possible, although they are not entirely sure, that the amendment of the Complaint, which the Plaintiff now proposes, will cause Polaris to join an additional party -- the persons responsible for constructing the crate which fell apart. In and of itself, the joinder of another party would not counsel against the amendment the Plaintiff proposes, if, as the Plaintiff alleges, he only recently learned of the potential new claims. To the extent Polaris now claims prejudice, the remedy is in allowing Polaris to join any additional, necessary parties, rather than encouraging the Plaintiff to start another lawsuit against that party.

As we observed during the Hearing, we regard this as an extremely close case. No one has suggested, let alone shown, that the integrity of the packing carton was not a likely contributing cause for the Plaintiff's injury, but the Plaintiff's assertion, that the role of the packing crate was little understood, in causing the Plaintiff's damage until recently, is not wholly

implausible. In his original pleadings, the Plaintiff did specifically allege a variety of negligent acts, on the part of Polaris, and then generally alleged that Polaris "was otherwise careless and negligent." Without deciding the issue, it could be seriously argued that, under the notion of notice pleading, such an allegation would be sufficient to envelop the newly proposed packing claims, leaving to discovery the ascertainment of what specific acts such an all-inclusive allegation should properly pertain. At least in that context, the amendment we now allow would not rise above an act of clarification. Therefore, under these unique circumstances, we believe the closeness of the issue warrants an allowance of the proposed amendment.[1]

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Amend the Complaint is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

[1]We would note that discovery in this action will not close until June 30, 2001, which leaves four and one-half months of discovery available to the parties to fully investigate the merits of the newly amended claims. We need not now decide how our ruling would have been affected if the opportunity for discovery were not as expansive as permitted here.