**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**SIXTH DIVISION**

James T. Muse,

Court File No.: 00-1024- JMR/RLE

Plaintiff

vs.

Mid-State Power and
Polaris Industries Inc.,

Defendants,

And

Mid-State Power and Polaris Industries Inc.,

Defendants and
Third-Party Plaintiffs,

vs.

Transport Corporation of America, Inc.,

Third-Party Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

WHEREAS Plaintiff James T. Muse, Defendant Mid-State Power, Defendant Polaris Industries Inc. ("Polaris"), and Third-Party Defendant Transport Corporation of America, Inc., by and through their respective attorneys, hereby enter into the following Stipulation concerning certain documents, materials and information to be produced by Polaris.

WHEREAS Polaris has agreed to produce documents, materials and information in the course of this litigation; and

MAR 01 2001

::ODMA\PCDOCS\MSP\160464\1

(35)

WHEREAS Polaris contends that such documents, information and other materials, including plans and/or specifications, test reports, drawings, correspondence, memoranda, and/or photographs, are in whole or in part, proprietary information, confidential business records and trade secrets, all of which are competitively sensitive data;

WHEREAS Polaris desires to maintain the confidentiality of the documents and/or things themselves as well as the confidentiality of the fact of their existence, their description and identity and their sum and substance; and

WHEREAS the parties, their attorneys, their experts and agents have agreed to comply with the letter and intent of such confidentiality;

IT IS HEREBY STIPULATED THAT:

Certain documents, videotapes, information, records, testimony and other materials to be provided by Polaris contains proprietary or confidential information which is entitled to be protected by a Court Order against disclosure to competitors or third persons for any purpose other than its use in this specific litigation herein. Such documents, videotapes, testimony, and information are disclosed to the other parties subject to the stipulation that the use of such material shall be limited by the terms of this Order.

The information protected by this Order includes all documents, videotapes, testimony, and information designated as confidential by Polaris. Documents and videotapes will be marked confidential by means of a stamp in the following form: "Confidential" and/or "Protected by Court Order" stamped on the document or by other reasonable method as agreed to by the parties.

Any testimony shall be designated confidential at the time it is given by deposition or otherwise, including any videotape depositions. The court reporter shall be advised of this Protective Order and given a copy of this Order to be included with any transcript of the deposition. The confidential portion or portions of such transcript shall be subject fully to the terms and conditions of this Protective Order.

The use of said documents and testimony and the information contained therein ("Protected Material") by counsel in this litigation, and all others receiving said Protected Material from counsel, shall be strictly limited to use in this case alone and shall be subject to all the terms of this Order.

To the extent that such Protected Material has been or may be in the future used in the taking of depositions, it shall remain subject to the provisions of this Protective Order, and so shall the transcript pages of all deposition testimony relating to said Protected Material.

The originals of the above-described documents shall remain in the custody of Polaris or its counsel. All copies of such material, however obtained, shall be subject to the terms of this Order.

No additional copies of any of the Protected Material shall be made unless pursuant to instructions by counsel in this litigation and unless counsel maintains a strict accounting of each such copy.

Counsel shall maintain all copies of said Protected Material as strictly confidential and shall not show the copies or disclose information therein to any person other than individuals, including expert witnesses, who are assisting counsel in the preparation and prosecution of this action alone. Without further order from the Court, said Protected

Material shall not be disclosed for any purpose whatsoever to any other individual, whether employed by a party to this action or not, who is known to be employed by a competitor of Polaris and/or any other Polaris entity.

The Protected Material shall not be disclosed for any purpose whatsoever to any other individual who is not associated in any way to this litigation.

Counsel wishing to disclose any of the Protected Material to any individual shall show and provide a copy of this Order to said individual. Counsel disclosing the Protected Material shall submit to counsel for Polaris a written statement identifying the name, title and business relationship of the person or persons to whom disclosure has been made. Said statement shall confirm that a copy of this Order has been provided to the person or persons to whom disclosure of the Protected material has been made.

The terms of this Order shall remain fully effective as to all Protected Material until released either by a Court order or by the written consent of Polaris.

If any party believes that information has been inappropriately designated "confidential," that party's counsel may, by motion to the court at any time during the pendency of this action, challenge the alleged confidentiality. If the court should determine that said information is not "privileged," or "proprietary" or otherwise "confidential" in nature, the parties and all those who have assisted the parties in the preparation and prosecution of this action, including expert witnesses, shall be relieved from the mandates of this Protective Order as it relates to such information.

At the conclusion of this litigation, including any appeals, the parties shall account for each and every copy of the Protected Material and also summaries of the information contained therein, and shall return all copies and summaries to Polaris.

Nothing in this Order shall prejudice any party from seeking amendments hereto or broadening or restricting the rights of access to or the use of Protected Material or otherwise modifying this Order; and this Order may be amended without leave of the Court by the agreement of counsel for the parties in the form of a Stipulation that shall be filed in this case.

Counsel shall explain the terms of this Order to their respective clients so that their respective clients understand the terms of this Order and will abide by the terms of this Order.

Dated: J~~anuary ___, 20~~01.
Feb 21, 2001

BOWMAN AND BROOKE LLP

By________________________
Timothy J. Mattson (#194517)
Kevin P. Curry (#0285067)
150 South Fifth Street
Suite 2600
Minneapolis, Minnesota 55402
Telephone: (612) 339-8682

**ATTORNEYS FOR DEFENDANT POLARIS INDUSTRIES INC.**

Dated: January ___, 2001.

BRAUD, WESTENSEE &
VANDERGINST, LTD.

By________________________
James M. Roche, Esq.
300 South County Farm Road, Suite 2G
Wheaton, Illinois 60187
Telephone: (630) 871-9003

**ATTORNEYS FOR PLAINTIFF JAMES T. MUSE**

Dated: ~~January~~ February 6th ___, 2001.

RIDER, BENNETT, EGAN & ARUNDEL

By ______________________________
Brian A. Wood
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
Telephone: (612) 340-7970

**ATTORNEYS FOR DEFENDANT TRANSPORT CORPORATION OF AMERICA, INC.**

Dated: January ___, 2001.

COUSINEAU, MCGUIRE & ANDERSON, CHARTERED

By ______________________________
Barbara A. Burke
600 Travelers Express Tower
1550 Utica Avenue South
Minneapolis, Minnesota 55416-5318
Telephone: (952) 525-6949

**ATTORNEYS FOR DEFENDANT MID-STATE POWER**

Dated: January ___, 2001.

RIDER, BENNETT, EGAN & ARUNDEL

By_________________________________
Brian A. Wood
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
Telephone: (612) 340-7970

**ATTORNEYS FOR DEFENDANT TRANSPORT CORPORATION OF AMERICA, INC.**

Dated: January 18, 2001.

COUSINEAU, MCGUIRE & ANDERSON, CHARTERED

By Barbara A Burke
Barbara A. Burke
600 Travelers Express Tower
1550 Utica Avenue South
Minneapolis, Minnesota 55416-5318
Telephone: (952) 525-69[redacted]51

**ATTORNEYS FOR DEFENDANT MID-STATE POWER**

IT IS SO ORDERED.

BY THE COURT:

Raymond L. Erickson
Raymond L. Erickson
United States Magistrate Judge

Dated: March 1, 2001
At Duluth, Minnesota

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE.***

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.