UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

James T. Muse,

Plaintiff,

vs.

Polaris Industries Inc., and
Gilbert Platt, d/b/a Mid-State
Power,

Defendants,

and

MINUTE ORDER

Mid-State Power,

Defendant and
Third-Party Plaintiff,

vs.

Transport Corporation of
America, Inc.

Third-Party Defendant.

Civ. No. 00-1024 (JMR/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 14th day of March, 2001.

* * *

On March 13, 2001, the Court heard argument on the Motion of the Defendant/Third-Party Plaintiff Mid-State Power ("Mid-State") to Compel the Third-Party Defendant Transport Corporation of America ("TCA") to fully respond to certain discovery requests. At the

FILED MAR 14 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

39

time of the Hearing, the Plaintiff James T. Muse appeared by James M. Roche, Esq.; the Defendant Polaris Industries Inc. appeared by Timothy J. Mattson, Esq.; Mid-State appeared by Barbara A. Burke, Esq.; and TCA appeared by Sricevi Anwar, Esq. For reasons expressed during the Hearing, and briefly summarized below, we grant the Motion to Compel.

In September of 2000, Mid-State served discovery requests, in the form of Interrogatories, and Requests for Production of Documents, on TCA. On January 3, 2001, Mid-State asked TCA to provide responses to the discovery requests. In response, on January 29, 2001, TCA served its responses to the Requests for Production of Documents. In addition, it informed Mid-State that Answers to the Interrogatories would be forthcoming, as they had been sent to TCA's representatives for signature. The responses were finally served on February 23, 2001.

On February 27, 2001, Mid-State filed this Motion to Compel, contending that there are a number of areas in which TCA's responses were inadequate. The Court has been advised, though, that most of the discovery disputes, which precipitated the Motion, have been amicably resolved prior to the Hearing. However, there was still a dispute concerning two of Mid-State's Requests for Production of Documents, and two of its Interrogatories.

The discovery disputes at issue include a request for the Plaintiff's Worker's Compensation file; a request for the Driver's Standard Operating Procedures and Guidelines Manual; a request for information regarding any audits conducted by the Federal Motor Carrier Commission, within the last ten years, as they would relate to the type of circumstances which are said to have precipitated the incident here; and a request for any information regarding investigations conducted, by either the company, an agent of the company, or a governmental agency, concerning the incident at issue. As we expressed during the Hearing, all of these requests, except for the request for information regarding any investigations conducted, are plainly relevant to the issues in this case, and TCA's inordinate delay in responding to these requests is problematic. Therefore, TCA will provide such documents or information to Mid-State **by no later than March 20, 2001.** If TCA does not provide the fully provide the requested documents and information, and duly executed Answers to Interrogatories, as directed by this Order, we will entertain a Motion for Sanctions. Therefore, with respect to these three discovery requests, Mid-State's Motion to Compel is granted.

In regard to the request for information concerning any investigation conducted by the company, its agent, or a governmental agency, which focused on the incident at issue in this case, TCA

does acknowledge that there was an investigation by the company, headed by an attorney, but claims that the documents produced as a result are work-product and/or attorney-client privileged. While this may be the case, TCA has not provided the Court, or Mid-State, with an inventory under Rule 26(b)(5), Federal Rules of Civil Procedure,[1] so that Mid-State can determine whether to pursue a Motion to Compel, and so that we can address the issue on an informed basis. Therefore, we direct TCA to review the documents it believes are subject to a privilege, and compile an inventory in accordance with Rule 26(b)(5).[2] Such an inventory shall be

---

[1]Rule 26(b)(5), Federal Rules of Civil Procedure, provides:

> When a party withholds information otherwise discoverable under the rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communication, or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

[2]As we expressed at the Hearing, information obtained through an investigation of an incident, which is done under the direction of an attorney, is not automatically subject to a privilege, and therefore protected from discovery. "[M]ere involvement of an attorney, in the ordinary business activities of a party, cannot legitimately shield those activities from discovery." Marvin Lumber v. PPG Industries, Inc., 168 F.R.D. 641, 646 (D. Minn. 1996); see also, St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 197 F.R.D.620, 630 (N.D. Iowa 2000); Mission Nat'l Ins. Co.
(continued...)

completed, and served upon counsel for Mid-State -- or, if TCA determines that a privilege is not applicable, the documents should be produced to Mid-State -- **by no later than March 20, 2001.** We underscore that, if TCA does not comply with this Order, without abundant justification for failing to do so, we will entertain a Motion for Sanctions. The delays in the progress of this case to a final resolution are at an end.

NOW, THEREFORE, It is --

ORDERED:

That Defendant/Third-Party Plaintiff's Motion to Compel the Third-Party Defendant to respond fully to certain discovery requests [Docket No. 31] is GRANTED, as more fully explained in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
v. Lilly, 112 F.R.D. 160, 163 (D. Minn. 1986). While we express no opinion on the ultimate determination as to whether the documents at issue are indeed privileged, we encourage TCA to pay close attention to the circumstances surrounding the investigation when determining whether to assert a claim of privilege. See, e.g., Stabnow v. Consolidated Freightways, 2000 WL 1336645 *1-2 (D. Minn., August 15, 2000).